IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH SMITH | § | |
| AND JUDITH ANN SMITH | § | |
| | § | |
| vs. | § | CIVIL ACTION |
| | § | |
| HIPPO ANALYTICS INC D/B/A | § | NO. _____ |
| HIPPO INSURANCE SERVICES, | § | |
| SPINNAKER INSURANCE COMPANY | § | |
| AND ALEXIS WILKINS | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Spinnaker Insurance Company ("Spinnaker"), one of the Defendants herein, respectfully submits the following notice of removal.

**I.**

1.      Spinnaker is a Defendant in litigation now pending in the 114th Judicial District Court of Smith County, Texas, Cause No. 23-0361-B, styled *"Christopher Joseph Smith and Judith Ann Smith vs. Hippo Analytics Inc d/b/a Hippo Insurance Services, Spinnaker Insurance Company and Alexis Wilkins."* The suit filed against Spinnaker is a civil action seeking recovery of additional homeowners' insurance policy benefits related to a winter storm event that occurred on or about February 15, 2021, which Plaintiffs claim resulted in burst water pipe(s) and resulting damage to their home. Plaintiffs assert causes of action for civil conspiracy, violations of the Texas Deceptive Trade Practices Act, violations of Texas Insurance Code Chapters 541, common law fraud, and breach of contract.

**II.**

2.    Both at the time of the filing of Plaintiffs' Original Petition and at the time of the filing of this Notice of Removal, Plaintiffs were, are, and continuously have been individual citizens of the State of Texas with their place of residence in the State of Texas.

3.    Both at the time of filing Plaintiffs' Original Petition and at the time of the filing of this Notice of Removal, Defendant Spinnaker was, is, and continuously has been an insurance company organized and existing under the laws of the State of Illinois and having its principal place of business in the State of New Jersey. Thus, Defendant Spinnaker is a corporate citizen of the States of Illinois and New Jersey.

4.    Plaintiffs have also named two other defendants: Hippo Analytics, Inc. d/b/a Hippo Insurance Services ("Hippo") and Alexis Wilkins, as agents of Spinnaker. However, both of these defendants are improperly joined as further explained below. The citizenship of both Hippo and Mr. Harvell is, therefore, disregarded for purposes of determining diversity jurisdiction.

5.    Hippo was sued as an agent of Spinnaker.    Hippo is a licensed insurance agency that is a Managing General Agent for Spinnaker. Hippo is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of California. Hippo is, therefore, a corporate citizen of the States of Delaware and California.

6.    Ms. Wilkins is an employee of Hippo and was also sued as an agent of Spinnaker. *Plaintiffs' Original Petition*, sec. IV (Plaintiff alleges Ms. Wilkins was assigned to be the adjuster for Plaintiffs' insurance claim made the basis of their suit).   Ms. Wilkins is a citizen of the State of Texas.

7.    Hippo and Ms. Wilkins are improperly joined to this suit because on March 2, 2023,

**NOTICE OF REMOVAL – Page 2**

Spinnaker elected in writing to accept legal responsibility for whatever liability Hippo and Ms. Wilkins might have to Plaintiffs for their acts and omissions, as permitted under Texas Insurance Code Section 542A.006. A copy of the Election Letter delivered to Plaintiffs' counsel is attached hereto as Exhibit A. *See Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022) ("[The agent] was improperly joined after [the insurer's] election because § 542A.006's mandate that an agent be dismissed with prejudice dictates that [the insured] had no possibility of recovery against him…because [the agent] was improperly joined at the time of removal, [the insurer's] removal was proper.").

8.      Therefore, the citizenship of both Hippo and Ms. Wilkins is disregarded for purposes of determining diversity jurisdiction. *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 473. Likewise, neither the consent of Hippo nor of Ms. Wilkins is required for removal, see *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), although both Hippo and Ms. Wilkins have consented to the removal.

9.      Accordingly, there is diversity of citizenship between the parties who are properly joined in this cause.

### III.

10.      The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000, as evidenced by Plaintiffs' allegation in Section I of Plaintiffs' Original Petition, which recites that Plaintiffs "seek monetary relief of <u>not more than</u> $1,000,000" (emphasis added). This statement does not comply, however, with the requirements of Texas Rule of Civil Procedure 47 unless words were inadvertently left out of the petition. The third category

of the range of damages required to be plead under Rule 47 is "(3) monetary relief <u>over $250,000</u> <u>but not more than</u> $1,000,000." TEX. R. CIV. P. 47(c).

11,    Regardless, Plaintiffs have not affirmatively pleaded an amount in controversy less than $75,000.    Moreover, an analysis of Plaintiffs' claims demonstrates that the damages sought, including the claim for attorney's fees together with the claims for treble damages and/or punitive damages, more likely than not places the amount in controversy well above the jurisdictional minimum.

12.    Plaintiffs seek recovery of homeowners' insurance policy benefits relating to an event that occurred on or about February 15, 2021.    Plaintiffs claim their home was damaged by frozen pipes that burst and caused damage, including to the foundation. *Plaintiffs' Original Petition* at Sec. IV. Plaintiffs acknowledge that they received claim payments for their loss, but they assert more is owed. *Id.* Plaintiffs appear to seek approximately $45,886 more for loss to their dwelling, plus unspecified sums for damage to contents of their home and additional living expenses. *Id.* In addition to policy benefits, Plaintiffs also seek to recover the cost of appraisal and damages for loss of use, out-of-pocket expenses, mental anguish, up to three times the amount of economic damages, exemplary damages, and attorney's fees. *Id.* at Secs. X-XIV. Doubling or trebling Plaintiffs' claimed dwelling damages easily places this claim over the $75,000 threshold before any other claimed damages are included.

13.    All of the forms of relief claimed by Plaintiffs, including the claim for attorney's fees and treble damages and/or punitive damages, are to be considered in determining the amount in controversy.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining

the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages - just not interest or costs."); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (attorney's fees are to be included in determining the jurisdictional amount when they are provided for by contract or by state statute); *Edinburgh v. American Security Ins. Co.*, 2010 WL 392392 (E.D. La. September 28, 2010) (the contractual damages sought under a property insurance policy were $72,078, just shy of the federal diversity jurisdictional amount; but, when combined with the possible recovery for extra-contractual relief and attorney's fees, the damages sought, more likely than not, placed the plaintiff's claim at or above the jurisdictional minimum).

14.    Accordingly, Defendant submits that it is facially apparent from Plaintiffs' Original Petition that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000. *See, e.g., Luckett v. Delta Air Lines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (it was "facially apparent" that the claim exceeded $75,000 where the Plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation and temporary inability to do housework after the hospitalization).

### IV.

15.    For the reasons stated herein, this Court has jurisdiction and this action is properly removable based upon diversity of citizenship under 28 U.S.C. §1332, et seq.  Pursuant to 28 U.S.C. § 1664, Defendant Spinnaker has removed this action to this Court within the time specified by law.

**NOTICE OF REMOVAL** – Page 5

**V.**

16.    Pursuant to Local Rule CV-81(c), attached hereto are (1) an index of all attached documents, (2) a civil cover sheet, (3) a list of all parties in the case, their party type and current status of the removed case (pending), (4) a certified copy of the Docket Sheet in the State Court action, (5) all pleadings (excluding discovery material) filed in the State Court action, Cause No. 23-0361-B, in the 114th District Court of Smith County, Texas, (6) a complete list of all attorneys involved in the action, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney, (7) a record of which parties have requested trial by jury, and (8) the name and address of the court from which the case has been removed.

### PRAYER FOR RELIEF

Wherefore, premises considered, Spinnaker Insurance Company prays that the action now pending in the 114th Judicial District Court of Smith County, Texas be removed to this, the United States District Court for the Eastern District of Texas, Tyler Division.

Respectfully submitted,

BY: _____

Michael A. Hummert
Lead Attorney
State Bar No. 10272000
mhummert@ekvallbyrne.com
Anna Evans Piel
State Bar No. 24002063
apiel@ekvallbyrne.com
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT
SPINNAKER INSURANCE COMPANY

## CERTIFICATE OF SERVICE

On March 16, 2023, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

MICHAEL A. HUMMERT

# EXHIBIT A

# EKVALL & BYRNE, L.L.P.
### ATTORNEYS AND COUNSELORS

MICHAEL A. HUMMERT
mhummert@ekvallbyrne.com

4450 SIGMA ROAD
SUITE 100
DALLAS, TEXAS 75244

TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

March 2, 2023

Mr. Darren Grant
Grant & Flanery, P.C.
216 W. Erwin, Suite 200
Tyler, Texas 75702

**Via Facsimile 903-596-8086**

RE:    Cause No. 23-0361-B
In the 114th District Court, Smith County, Texas
*Christopher Joseph Smith and Judith Ann Smith v. Hippo Analytics, Inc. d/b/a*
*Hippo Insurance Services, Spinnaker Insurance Company and Alexis Wilkins*

Dear Mr. Grant:

In accordance with Texas Insurance Code § 542A.006(a), Defendant Spinnaker Insurance Company ("Spinnaker") hereby provides your clients, Christopher Joseph Smith and Judith Ann Smith, with written notice of its election to accept any liability that Defendants Hippo Analytics, Inc. d/b/a Hippo Insurance Services and Alexis Wilkins have or might to Mr. and Mrs. Smith for any and all acts or omissions related to the claim made the basis of the captioned lawsuit.

Accordingly, based on such election, Spinnaker intends to seek dismissal of all claims asserted by Mr. and Mrs. Smith against Hippo and Ms. Wilkins with prejudice to the refiling of same under § 542A.006(c).

This letter is not to be construed in any manner as being an admission by Spinnaker that either Hippo or Ms. Wilkins has committed any acts or omissions giving rise to any liability to Mr. and Mrs. Smith, or that Hippo and/or Ms. Wilkins are actually liable to Mr. and Mrs. Smith. Spinnaker is not waiving any right to contest such liability, and shall not be estopped from contesting such liability. Spinnaker is only electing to unconditionally accept any liability that Hippo or Ms. Wilkins might have to Mr. and Mrs. Smith, should such liability be legally established. Spinnaker is not in any way attempting to avoid actual liability for any claim-related damage caused to your clients by the acts or omissions of Hippo and Ms. Wilkins, if any.

Having provided this notice, in writing, in compliance with Section 542A.006, please let me know if you will agree to entry of an order dismissing the claims against Hippo and Ms. Wilkins with prejudice. Alternatively, if you will not agree to same, please let me know so that we can file the appropriate motion.

Mr. Darren Grant
March 2, 2023
Page 2


I look forward to hearing from you concerning your agreement to the dismissal of the claims against Hippo and Ms. Wilkins at your very earliest convenience.

In the meantime, if you have any questions regarding this letter, please feel free to contact me.

With kindest regards, I am

Sincerely,

Michael A. Hummert

MAH/dw